FILED

JUL - 9 2008

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHRISTOPHER B. WADE**<br>1412 A Street, N.E<br>Washington, DC 20005<br><br>Plaintiff,<br><br>v.<br><br>**DISTRICT OF COLUMBIA**<br>A Municipal Corporation<br>Serve: Adrian Fenty<br>District of Columbia Office of Attorney<br>    General<br>441 Fourth Street, N.W.<br>Washington, D.C. 20001<br><br>Defendant. | Civil Action No. _____<br><br>Case: 1:08-cv-01187<br>Assigned To : Kollar-Kotelly, Colleen<br>Assign. Date : 7/9/2008<br>Description: Employ. Discrim.<br><br>**JURY ACTION** |

## COMPLAINT

### I. NATURE OF CLAIM

1.   This is an action alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

2.   Plaintiff Christopher B. Wade suffered discrimination in violation of Title VII based on his protected activity when the Defendant District of Columbia Metropolitan Police Department ("MPD") retaliated against him after Plaintiff complained about disparate treatment and filed internal charges of discrimination with the MPD's EEO office. Plaintiff Wade seeks injunctive relief, back pay, compensatory damages and attorney fees and costs as provided by Title VII.

3.   Also in violation of Title VII, Plaintiff Wade suffered discrimination on the basis

of his sex when his supervisors harassed him because of his sex by creating a hostile work environment. He seeks injunctive relief, compensatory damages and attorney fees and costs as provided by Title VII.

## II. JURISDICTION

4. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000e, and has jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1343.

## III. VENUE

5. Venue is appropriate in this District Court pursuant to 28 U.S.C. § 1391 because the facts and circumstances involved in this lawsuit occurred in the District of Columbia. Additionally, all records and evidence pertinent to this action are housed in the District of Columbia.

## IV. DESCRIPTION OF THE PARTIES

6. Plaintiff Christopher Wade is an African-American man who resides at 1412 A Street, N.E., Washington, D.C. Since 2002, including all times relevant to this complaint, Plaintiff has been employed by the MPD as a sworn police officer.

7. Defendant District of Columbia is responsible for the MPD, which is a governmental agency operating and existing under the laws of the District of Columbia. It principal office is located at 300 Indiana Avenue, N.W., Washington, D.C. The MPD, as an agency of the District of Columbia, has employed Plaintiff Wade since 2002.

## V. **STATEMENT OF FACTS**

8.  In 2002, Plaintiff Christopher B. Wade began working for the MPD as a sworn police officer. In May 2004, he was assigned to assigned to the Office of Organizational Development, Policy and Program Development Division as a technical writer.

9.  On or about May 3, 2006, Plaintiff was the only person in his office to request to attend a Writing and Grammar Skills training course at the Metropolitan Police Academy. Plaintiff's supervisor Jo Hoots denied his request and instead sent Denise Pearson, a female co-worker who had not requested the training, to attend the course.

10. On or about July 12, 2006, Plaintiff was ordered by Defendants Hoots and Hoffmaster to conduct a presentation as part of a Youth Initiative for the Office of Organizational Development. Plaintiff informed Defendant Hoots and Hoffmaster that he was being order to do work that was not a part of his job description. Defendants Hoots and Hoffmaster advised Plaintiff that his involvement was under "other duties assigned." None of Plaintiff's female co-workers were ever given any such mandatory assignments.

11. On August 8, 2006, Plaintiff Wade complained of the discriminatory treatment to Senior Executive Director Sampson Annan, his second-line supervisor and Defendants Hoots's and Hoffmaster's supervisor. Plaintiff Wade informed Mr. Annan of his intent to file an internal EEO complaint.

12. On or about August 15, 2006, Plaintiff Wade met with Jacqueline Johnson, Director of Diversity and EEO Compliance Unit, and filed his complaint with said office.

13. On or about August 14, 2006, Defendant Hoots ordered Plaintiff to give a written explanation why he missed a deadline and to provide the explanation on a PD 119, which was a

MPD form used to record sworn witness statements. None of Plaintiff's female co-workers ever had to provide a written explanation for missing a deadline and to do so on a PD 119.

14.  On or about September 5, 2006, Defendant Hoots e-mailed Plaintiff classifying all of his assignments as priorities. None of Plaintiff's female co-workers were ever sent an e-mail classifying all their assignments as priorities.

15.  In September 2006, Defendant Hoots sent Plaintiff an e-mail asking if he would like her to request a transfer. Plaintiff informed Defendant Hoots that he was not seeking a transfer.

16.  In September 2006, unbeknownst to Plaintiff, Mr. Annan Defendants Hoots and Hoffmaster, along with Mr. Annan forwarded a memo to the Executive Assistant Chief requesting Plaintiff's transfer. Defendant Hoots further requested in the memo that Plaintiff be replaced with a female officer.

17.  Based on information and belief, when Mr. Annan went to deliver the transfer request to the Executive Assistant Chief, he was informed that Plaintiff had filed an EEO complaint against Defendant Hoffmaster. Mr. Annan told Defendant Hoffmaster about Plaintiff's EEO complaint. Defendants Hoffmaster and Hoots then began to retaliate against the Plaintiff.

18.  On or about October 16, 2006, Plaintiff asked Mr. Annan to detail him away from Defendants Hoots and Hoffmaster because they were harassing him and retaliating against him for filing an EEO complaint. Mr. Annan denied Plaintiff's request.

19.  In October 2006, Defendant Hoots and Hoffmaster altered Plaintiff's weekly activity reports on two separate occasions.

20. In October 2006, Defendant Hoots refused to conduct Plaintiff's performance evaluation. Defendant Hoots did evaluate Plaintiff's female co-workers.

21. In October 2006, Defendants Hoots and Hoffmaster in retaliation gave the Plaintiff a poor performance evaluation. Plaintiff appealed his evaluation to an appeals panel which was subsequently upgraded.

22. In November 2006, Plaintiff emailed Defendant Hoffmaster and Mr. Annan about the existing hostile work environment. While Mr. Annan took no actions, Defendant Hoffmaster advised Plaintiff to refer to the MPD policy on transfers.

23. In November 2006, Defendant Hoffmaster requested that Plaintiff provide her a task/timeline plan for all his assignments. None of Plaintiff female co-workers have ever had to complete a task/timeline plan.

24. In December 2006, Defendant Hoffmaster demeaned and embarrassed Plaintiff in a meeting. Defendant Hoffmaster lodged a complaint against Plaintiff with the Internal Affairs Unit stating that Plaintiff was insubordinate. Plaintiff was disciplined as the result of that investigation. The disciplinary action was subsequently reversed and rescinded upon review by a higher-ranking MPD official.

25. In December 2, 2006, Defendant Hoffmaster and Mr. Annan forwarded a memo to Assistant Chief Michael Fitzgerald requesting Plaintiff's transfer.

26. On or about December 12, 2006, Assistant Chief Fitzgerald detailed Plaintiff to the Sixth District Police Station.

27. In April 2006, Plaintiff was permanently assigned to the Sixth District Police Station.

28. In September 2006, Plaintiff Wade filed a complaint with the U.S. Equal Employment Opportunity Commission, Washington Field Office against the MPD. Plaintiff alleged that he was being discriminated against based on gender.

29. In November 2006, Plaintiff Wade filed a claim for retaliation with the U.S. Equal Employment Opportunity Commission, Washington Field Office against the MPD. Plaintiff alleged that he was retaliated against based upon filing his original claim of discrimination.

30. In January 2008, the EEOC issued a decision in the case EEOC Charge No. 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. The EEOC found that Plaintiff was harassed in retaliation for his filing an EEO complaint and referred the case to the U.S. Department of Justice Civil Rights Division for a determination as to whether it would pursue the litigation. On April 10, 2008, the U.S. Department of Justice provided notice that it declined to file suit and issued Plaintiff a right-to-sue letter.

## COUNT I: RETALIATION IN VIOLATION OF TITLE VII, DISCRIMINATION ON THE BASIS OF SEX
### (Against Defendant District of Columbia)

31. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 30 above.

32. Defendant MPD retaliated against Plaintiff for engaging in protected activity, among other ways, by harassing Plaintiff and subjecting Plaintiff to an unwarranted disciplinary action because he reported allegations of discrimination to the MPD EEO Compliance Unit.

33. As a direct and proximate result of Defendant MPD's retaliatory actions, Plaintiff

Wade has suffered damage to his professional reputation. Furthermore, as a direct and proximate cause of the MPD's retaliation, Plaintiff has endured mental and physical pain and suffering, embarrassment, humiliation and mental anguish.

### COUNT II: DISCRIMINATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C. § 2000e-16
### (Hostile Work Environment Based on Sex)

34. Plaintiff hereby reasserts and reincorporates the allegations listed in Paragraphs 1-33 above as if fully set forth below.

35. Defendant treated Plaintiff disparately because of his sex when it subjected him to a hostile work environment by, among other things, setting unrealistic work priorities, lowering his performance evaluations, denying him training that was given to similarly-situated female employees, and treating him more harshly than similarly-situated female employees with regard to missing deadlines.

36. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered mental and physical pain and suffering, embarrassment, humiliation and mental anguish.

### V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

a) Assign this case for trial at the earliest practicable date;

b) Enter declaratory judgment against Defendant in favor of Plaintiff finding Defendant's conduct to be in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000e-16;

    c)    Award Plaintiff compensatory damages for the pain and suffering he experienced as a result of the Defendant's discriminatory actions;

    d)    Award Plaintiff his reasonable attorneys fees and costs for this action; and

    e)    Award Plaintiff all other legal or equitable relief to which he may be entitled.

## VII. REQUEST FOR JURY TRIAL

Plaintiff hereby requests a jury trial.

Respectfully Submitted,

_____
Ted J. Williams [414758]
Law Offices of Ted J. Williams
1200 G Street, N.W.
Suite 800
Washington, D.C. 20005
Tel.: (202) 434-8744
Fax: (202) 347-3378

_____
Leslie Deak [PA0009]
Law Offices of Leslie Deak
1200 G Street, N.W.
Suite 800, No. 099
Washington, D.C. 20005
Tel.: (512) 322-3911
Fax: (512) 322-3910

ATTORNEYS FOR PLAINTIFF WADE

# CIVIL COVER SHEET

JS-44
(Rev. 2/01 DC)

**I (a) PLAINTIFFS**

Christopher Wade

**DEFENDANTS**

District of Columbia

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**  11001
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**  11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: In land condemnation cases, use the location of the tract of land involved

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Ted J. Williams, Law Offices of Ted J. Williams
1200 G St., NW, Ste. 800, Washington, DC 20005
(202) 434-8744

Case: 1:08-cv-01187
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 7/9/2008
Description: Employ. Discrim.

**JURY ACTION**

**II BASIS OF JURISDICTION** (SELECT ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP** (FOR DIVERSITY CASES ONLY!)

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Select one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**
- ☐ 410 Antitrust

**○ B. Personal Injury/Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes:
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ G. Habeas Corpus/2255 | ⊗ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Violation of Title VII of the Civil Rights Act, 42 U.S.C. Sec. 2000e, by hostile work environment based on sex and retaliation for protected activity.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Select YES only if demanded in complaint   JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

DATE 7/9/08   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

---

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.