## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHRISTOPHER B. WADE** )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>**DISTRICT OF COLUMBIA** )<br>)<br>    Defendant. )<br>_____) | Civil Action No. 08-01187(CKK) |

## FIRST AMENDED COMPLAINT

### I. NATURE OF CLAIM

1. This is an action alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

2. Plaintiff Christopher B. Wade suffered discrimination in violation of Title VII based on his protected activity when the Defendant District of Columbia Metropolitan Police Department ("MPD") retaliated against him after Plaintiff complained about disparate treatment and filed internal charges of discrimination with the MPD's EEO office. Plaintiff Wade seeks injunctive relief, back pay, compensatory damages and attorney fees and costs as provided by Title VII.

3. Also in violation of Title VII, Plaintiff Wade suffered discrimination on the basis of his sex when his supervisors harassed him because of his sex by creating a hostile work environment. He seeks injunctive relief, compensatory damages and attorney fees and costs as provided by Title VII.

## II. JURISDICTION

4.    This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000e, and has jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1343.

## III. VENUE

5.    Venue is appropriate in this District Court pursuant to 28 U.S.C. § 1391 because the facts and circumstances involved in this lawsuit occurred in the District of Columbia. Additionally, all records and evidence pertinent to this action are housed in the District of Columbia.

## IV. DESCRIPTION OF THE PARTIES

6.    Plaintiff Christopher Wade is an African-American man who resides at 1412 A Street, N.E., Washington, D.C.  Since 2002, including all times relevant to this complaint, Plaintiff has been employed by the MPD as a sworn police officer.

7.    Defendant District of Columbia is responsible for the MPD, which is a governmental agency operating and existing under the laws of the District of Columbia.  It principal office is located at 300 Indiana Avenue, N.W., Washington, D.C.  The MPD, as an agency of the District of Columbia, has employed Plaintiff Wade since 2002.

## V. STATEMENT OF FACTS

8.    In 2002, Plaintiff Christopher B. Wade began working for the MPD as a sworn police officer.  In May 2004, he was assigned to assigned to the Office of Organizational Development, Policy and Program Development Division as a technical writer.  During the

period of October 2005 until October 2006, MPD civilian employee Jo Hoots served as Plaintiff's supervisor; during the period of October 2005 until December 2006, MPD civilian employee Debra Hoffmaster also supervised Plaintiff.

9. On or about May 3, 2006, Plaintiff was the only person in his office to request to attend a Writing and Grammar Skills training course at the Metropolitan Police Academy. Plaintiff's supervisor Jo Hoots denied his request and instead sent Denise Pearson, a female co-worker who had not requested the training, to attend the course.

10. On or about July 12, 2006, Plaintiff was ordered by Hoots and Hoffmaster to conduct a presentation as part of a Youth Initiative for the Office of Organizational Development. Plaintiff informed Hoots and Hoffmaster that he was being order to do work that was not a part of his job description. Hoots and Hoffmaster advised Plaintiff that his involvement was under "other duties assigned." None of Plaintiff's female co-workers were ever given any such mandatory assignments.

11. On August 8, 2006, Plaintiff Wade complained of the discriminatory treatment to Senior Executive Director Sampson Annan, his second-line supervisor and Hoots's and Hoffmaster's first-line supervisor. Plaintiff Wade informed Annan of his intent to file an internal EEO complaint.

12. On or about August 15, 2006, Plaintiff Wade met with Jacqueline Johnson, Director of Diversity and EEO Compliance Unit, and filed his complaint with said office.

13. On or about August 14, 2006, Hoots ordered Plaintiff to give a written explanation why he missed a deadline and to provide the explanation on a PD 119, which was a MPD form used to record sworn witness statements. None of Plaintiff's female co-workers

ever had to provide a written explanation for missing a deadline and to do so on a PD 119.

14. On or about September 5, 2006, Hoots e-mailed Plaintiff classifying all of his assignments as priorities. None of Plaintiff's female co-workers were ever sent an e-mail classifying all their assignments as priorities.

15. In September 2006, Hoots sent Plaintiff an e-mail asking if he would like her to request a transfer. Plaintiff informed Hoots that he was not seeking a transfer.

16. In September 2006, unbeknownst to Plaintiff, Annan, Hoots and Hoffmaster, along with Annan forwarded a memo to the Executive Assistant Chief requesting Plaintiff's transfer. Hoots further requested in the memo that Plaintiff be replaced with a female officer.

17. Based on information and belief, when Annan went to deliver the transfer request to the Executive Assistant Chief, he was informed that Plaintiff had filed an EEO complaint against Hoffmaster. Annan told Hoffmaster about Plaintiff's EEO complaint. Hoffmaster and Hoots then began to retaliate against the Plaintiff.

18. On or about October 16, 2006, Plaintiff asked Annan to detail him away from Hoots and Hoffmaster because they were harassing him and retaliating against him for filing an EEO complaint. Annan denied Plaintiff's request.

19. In October 2006, Hoots and Hoffmaster altered Plaintiff's weekly activity reports on two separate occasions.

20. In October 2006, Hoots refused to conduct Plaintiff's performance evaluation. Hoots did evaluate Plaintiff's female co-workers.

21. In October 2006, Hoots and Hoffmaster in retaliation gave the Plaintiff a poor performance evaluation. Plaintiff appealed his evaluation to an appeals panel which was

subsequently upgraded.

22. In November 2006, Plaintiff emailed Hoffmaster and Annan about the existing hostile work environment. While Annan took no actions, Hoffmaster advised Plaintiff to refer to the MPD policy on transfers.

23. In November 2006, Hoffmaster requested that Plaintiff provide her a task/timeline plan for all his assignments. None of Plaintiff female co-workers have ever had to complete a task/timeline plan.

24. In December 2006, Hoffmaster demeaned and embarrassed Plaintiff in a meeting. Hoffmaster lodged a complaint against Plaintiff with the Internal Affairs Unit stating that Plaintiff was insubordinate. Plaintiff was disciplined as the result of that investigation. The disciplinary action was subsequently reversed and rescinded upon review by a higher-ranking MPD official.

25. In December 2, 2006, Hoffmaster and Annan forwarded a memo to Assistant Chief Michael Fitzgerald requesting Plaintiff's transfer.

26. On or about December 12, 2006, Assistant Chief Fitzgerald detailed Plaintiff to the Sixth District Police Station.

27. In April 2006, Plaintiff was permanently assigned to the Sixth District Police Station.

28. In September 2006, Plaintiff Wade filed a complaint with the U.S. Equal Employment Opportunity Commission, Washington Field Office against the MPD. Plaintiff alleged that he was being discriminated against based on gender.

29. In November 2006, Plaintiff Wade filed a claim for retaliation with the U.S.

Equal Employment Opportunity Commission, Washington Field Office against the MPD. Plaintiff alleged that he was retaliated against based upon filing his original claim of discrimination.

30.     In January 2008, the EEOC issued a decision in the case EEOC Charge No. 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.  The EEOC found that Plaintiff was harassed in retaliation for his filing an EEO complaint and referred the case to the U.S. Department of Justice Civil Rights Division for a determination as to whether it would pursue the litigation.  On April 10, 2008, the U.S. Department of Justice provided notice that it declined to file suit and issued Plaintiff a right-to-sue letter.

## COUNT I: RETALIATION IN VIOLATION OF TITLE VII, DISCRIMINATION ON THE BASIS OF SEX
### (Against Defendant District of Columbia)

31.     Plaintiff repeats and incorporates by reference the allegations in Paragraphs 1 through 30 above.

32.     Defendant MPD retaliated against Plaintiff for engaging in protected activity, among other ways, by harassing Plaintiff and subjecting Plaintiff to an unwarranted disciplinary action because he reported allegations of discrimination to the MPD EEO Compliance Unit.

33.     As a direct and proximate result of Defendant MPD's retaliatory actions, Plaintiff Wade has suffered damage to his professional reputation.  Furthermore, as a direct and proximate cause of the MPD's retaliation, Plaintiff has endured mental and physical pain and suffering, embarrassment, humiliation and mental anguish.

## COUNT II: DISCRIMINATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C. § 2000e-16
### (Hostile Work Environment Based on Sex)

34.     Plaintiff hereby reasserts and reincorporates the allegations listed in Paragraphs 1-33 above as if fully set forth below.

35.     Defendant treated Plaintiff disparately because of his sex when it subjected him to a hostile work environment by, among other things, setting unrealistic work priorities, lowering his performance evaluations, denying him training that was given to similarly-situated female employees, and treating him more harshly than similarly-situated female employees with regard to missing deadlines.

36.     As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered mental and physical pain and suffering, embarrassment, humiliation and mental anguish.

## V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

a)      Assign this case for trial at the earliest practicable date;

b)      Enter declaratory judgment against Defendant in favor of Plaintiff finding Defendant's conduct to be in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16;

c)      Award Plaintiff compensatory damages for the pain and suffering he experienced as a result of the Defendant's discriminatory actions;

d)      Award Plaintiff his reasonable attorneys fees and costs for this action; and

e)     Award Plaintiff all other legal or equitable relief to which he may be entitled.

## VII.  REQUEST FOR JURY TRIAL

Plaintiff hereby requests a jury trial.

          Respectfully Submitted,

_____
Ted J. Williams [414758]
Law Offices of Ted J. Williams
1200 G Street, N.W.
Suite 800
Washington, D.C.  20005
Tel.:   (202) 434-8744
Fax:   (202) 347-3378


_____
Leslie Deak [PA0009]
Law Offices of Leslie Deak
1200 G Street, N.W.
Suite 800, No. 099
Washington, D.C.  20005
Tel.:   (512) 322-3911
Fax:   (512) 322-3910


ATTORNEYS FOR PLAINTIFF WADE